ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/21

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANTONY MITCHELL,

          Plaintiff,

v.

DAVID M. SCHIFF, AND
INNOVATUS CAPITAL PARTNERS, LLC,

          Defendants.

Civil Action No. 20-CV-6005

*granted. No opposition. So Ordered.*
*Louis L. Stanton*
*2/11/21*

## PLAINTIFF ANTONY MITCHELL'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff Antony Mitchell hereby moves the Court to voluntarily dismiss his claims without prejudice under Federal Rule of Civil Procedure 41(a)(2).

Rule 41(a)(2) provides that, subject to certain exceptions inapplicable here, a plaintiff may request dismissal of his action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). By default, dismissal under Rule 41(a)(2) is without prejudice. *Id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). In the Second Circuit, "the presumption … is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks and citation omitted). "The focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000).

The Second Circuit has set out five factors that a court must consider in determining whether a defendant will suffer legal prejudice: "[1] the plaintiff's diligence in bringing the

1

motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham*, 900 F.2d 12, 14 (2d Cir. 1990).

Mr. Mitchell moves the Court for dismissal in good faith. He filed his complaint seeking a declaration that, prior to the August 2017 NDA at issue in related case *Innovatus Capital Partners, LLC, v. Neuman et. al.* (1:18-cv-04252) ("*Innovatus v. Neuman*"), a third party (Steven Daum) had disclosed to Defendant Schiff (Defendant Innovatus' principal) and Mr. Mitchell significant business plan details and methods for paying homeowners for the right to list their home for sale in the future ("RTLs"). *See* Dkt. No. 1 at 22. At the time of filing of the Complaint by Mr. Mitchell, this was disputed by Defendants Schiff and Innovatus, as evidenced by their Answer to the Mitchell Complaint. *See generally* Dkt. 20.[1] This is a key issue in *Innovatus v. Neuman*. In a December 23, 2020 order in *Innovatus v. Neuman*, this Court found that RTLs involved "an arrangement which Innovatus did not invent, was not the first to market, and could not patent because of prior art." *Innovatus Capital Partners, LLC, v. Neuman et. al.*, Case No. 18-04252, Dkt. No. 130. Mr. Mitchell is satisfied with the Court's ruling in *Innovatus v. Neuman*, and believes that it is in the interest of judicial efficiency to seek voluntary dismissal of his complaint in this action.

---

[1] Indeed, in July 2020, in response to a subpoena issued by Defendants in the *Innovatus v. Neuman* action, Mr. Schiff denied having *any* documents relating to Mr. Daum's disclosures regarding RTLs. However, after we obtained documents from a third party reflecting extensive disclosures by Mr. Daum to both Mr. Schiff and Mr. Mitchell—and attached those documents to Mr. Mitchell's complaint in this action and subsequently in Defendants' Motion for Summary Judgment in *Innovatus v. Neuman*—Mr. Schiff changed his position and produced numerous documents, including those that are the subject of the instant Mitchell complaint.

2

Mr. Mitchell's dismissal would not prejudice Defendants. Mr. Mitchell brings this motion diligently, less than one month after the Court entered its December 23, 2020 order in *Innovatus v. Neuman*. In addition, no counterclaims have been asserted, discovery has not yet commenced, and no discovery or trial schedule has been set. And, given the "early phase of proceedings," there would not be duplicative litigation expenses in the unlikely event this matter were to be relitigated. *See Tartaglione v. Easter*, No. 3:20-CV-1165 (CSH), 2021 WL 40187, at *3 (D. Conn. Jan. 5, 2021)

Plaintiff Antony Mitchell respectfully requests that the Court grant this motion and dismiss his claims without prejudice.

Dated: January 21, 2021                                   Respectfully Submitted,

                                                          *s/ Jason C. Raofield*
                                                          Jason C. Raofield
                                                          COVINGTON & BURLING LLP
                                                          One CityCenter
                                                          850 Tenth Street, N.W.
                                                          Washington, D.C. 20001-4956
                                                          Tel: 202.662.5072
                                                          jraofield@cov.com